## In re NORTHERN NEW ENGLAND CO.

### No. 477.

United States District Court
D. Maine, S. D.
March 25, 1953.

See also, D.C., 73 F.Supp. 452, 94 F.Supp. 343.

Leonard A. Pierce, Portland, Me., Everett H. Maxcy, Augusta, Me., W. B. Skelton, Lewiston, Me., for New England Public Service Co.

Leon V. Walker, Portland, Me., Edward T. Gignoux, Portland, Me., for Northern New England Co.

Myron S. Isaacs and Ella Jay Sturgell, Washington, D. C., for Securities & Exchange Commission.

Walter W. Rabin, Philadelphia, Pa., for Common Stockholders Committee.

A. Albert Minton and Carlos L. Israels, New York City, for the Martin Committee.

CLIFFORD, District Judge.

Certain plans (Exhibits D and F to the Commission's Third Supplemental Application herein) to effectuate the provisions of Section 11(b) of the Public Utility Holding

Company Act of 1935, 15 U.S.C.A. § 79k(b) (the "Act") having been filed with the Securities and Exchange Commission (the "Commission"), pursuant to Section 11(e) of the Act, by New England Public Service Company ("NEPSCO"), and its parent, Northern New England Company ("Northern"), both registered holding companies under the Act, proposing the liquidation of said companies; said plans having been modified by amendments filed with the Commission at various times (which plans as so modified are hereinafter referred to respectively as the "NEPSCO Plan" and the "Northern Plan," and collectively as the "Plans"); the Commission, after due notice and hearings, having found the Plans necessary to effectuate the provisions of Section 11(b) of the Act and fair and equitable to the persons affected thereby and having approved the Plans by Orders dated February 13, 1953 and March 23, 1953; NEPSCO and Northern having requested the Commission to apply to an appropriate United States District Court to enforce and carry out the terms and provisions of the Plans; the Commission, on February 17, 1953, having filed with this Court a Third Supplemental Application to enforce and carry out the terms and provisions of the Plans; this Court, by Order dated February 19, 1953, having fixed March 25, 1953, as the date for a hearing on said Third Supplemental Application and having prescribed the notice to be given of such hearing, the time within which objections might be filed to the granting of said Third Supplemental Application, and the manner of making such objections; and

It appearing that due and sufficient notice of said hearing has been given in accordance with the provisions of said Order of this Court dated February 19, 1953; Coffin & Burr, Incorporated; and The First Boston Corporation having filed a Petition and a Summary Statement of Position in support thereof, and having subsequently withdrawn said Petition; no other objections having been filed; a hearing having been duly held on March 25, 1953; the Commission, NEPSCO, Northern, and representatives of various security holders of NEPSCO and Northern having appeared at said hearing through their respective counsel in support of said Third Supplemental Application, and no one having appeared in opposition thereto; all persons affected by the Plans having been afforded an opportunity for hearing; and

The Court having duly considered the Plans and the record herein, and being fully advised in the premises;

It is hereby found, ordered, adjudged, and decreed:

(1) The Court finds and concludes that the Commission's findings of fact and conclusions of law, embodied in its Findings and Opinion and Order dated February 13, 1953, set forth as Exhibit J to the Commission's Third Supplemental Application herein, and in its Supplemental Order dated March 23, 1953, submitted at the hearing herein, are supported by substantial evidence and were arrived at in accordance with legal standards.

(2) Subject to the terms and conditions of said Orders of the Commission dated February 13, 1953 and March 23, 1953, the Plans of NEPSCO and Northern are approved as fair and equitable and as appropriate to effectuate the provisions of Section 11 of the Act, and the Court hereby directs that the Plans be enforced and carried out in accordance with the terms and provisions of the Plans and said Orders of the Commission and as hereinafter directed.

(3) Subject to the terms and conditions of said Orders of the Commission dated February 13, 1953, and March 23, 1953, this Court, for the purpose of carrying out the terms and provisions of the Plans, and to the extent necessary for that purpose, hereby takes exclusive jurisdiction of NEPSCO and Northern and their assets whether now owned or hereafter acquired and wherever located, and continues the exclusive jurisdiction of NEPSCO and its assets heretofore taken and extended by its Orders herein dated August 6, 1947, September 27, 1950, and November 29, 1950.

(4) NEPSCO and Northern shall retain possession of their respective assets and continue the operation of their respective

businesses through their respective officers, trustees, directors, employees, and agents, except as otherwise provided by this Order, or by any prior or subsequent Order herein; and they and each of them may enter into any transaction not inconsistent with the Plans and this Order, including the filing of appropriate applications, declarations, notices, and statements with the Commission in conformity with the Act and with the Rules and Regulations and Orders promulgated and issued thereunder, in all cases where such filing would be required if this Court had not taken jurisdiction.

(5) NEPSCO and Northern, acting by and through their respective officers, trustees, directors, employees, and agents, are hereby authorized, ordered, and directed, subject to the terms and conditions of this Order and of said Orders of the Commission dated February 13, 1953, and March 23, 1953, to take or cause to be taken, as soon as practicable, any and all action necessary or appropriate to carry into effect the transactions provided for in the Plans and in this Order and to consummate and carry out the Plans and to comply with this Order.

(6) The consummation date of the Plans shall be selected promptly by NEPSCO, and shall be a date as soon as practicable, but not more than ninety days, after the date of this Order.

(7) At least seven days' prior notice of the consummation date of the Plans shall be given by Guaranty Trust Company of New York ("Guaranty"), heretofore selected as the Liquidation Trustee and Liquidation Agent pursuant to the NEPSCO Plan and the Northern Plan, respectively, by publication once in a daily newspaper of general circulation in each of the Cities of Boston and New York, and by mail to the security holders of NEPSCO and Northern of record, as of a date not earlier than the date of this Order, at their latest known addresses, and to every other person, or his attorney of record, who entered an appearance in the proceedings on the Plans.

(8) On the consummation date of the Plans, after deposit of portfolio stocks and cash, if any, with Guaranty as Liquidation Trustee and Liquidation Agent, as provided by the Plans, and after notice has been duly given, the security holders of NEPSCO and Northern shall cease to have any rights as stockholders or shareholders, except to receive distributions in accordance with the terms of the Plans.

(9) Upon the expiration of five years from the consummation date of the Plans, provided that a proper showing shall have been made to this Court of reasonable efforts to locate all security holders of NEPSCO and Northern, including the holders of unsurrendered Certificates for Prior Lien Preferred Stock of NEPSCO and Certificates of Contingent Interest issued with respect to such Prior Lien Preferred Stock, and provided that this Court shall have entered a further order or orders approving such efforts as reasonable, then, subject to such conditions as the Court may prescribe in such order or orders, all holders of securities of NEPSCO and Northern, including the holders of unsurrendered Certificates for Prior Lien Preferred Stock of NEPSCO and Certificates of Contingent Interest issued with respect to such Prior Lien Preferred Stock, shall have no further rights to receive the distributions provided by the Plans and by NEPSCO's Amended Plan for Corporate Simplification by Retirement of Prior Lien Stock, as approved and enforced by Orders of this Court herein dated August 6, 1947, and November 29, 1950, and such securities shall thereupon be null and void for all purposes; the Plan Trustee under said Amended Plan for Corporate Simplification by Retirement of Prior Lien Stock shall, as soon as practicable thereafter, transfer any funds remaining in its hands as such Plan Trustee to Guaranty as Liquidation Trustee under the NEPSCO Plan; and Guaranty as Liquidation Trustee and Liquidation Agent shall, as soon as practicable thereafter, convert into cash all unclaimed securities and shall distribute such cash (and any other cash available for distribution) in accordance with the terms of the Plans.

(10) No payment shall be made by Guaranty as Liquidation Trustee and Liquidation Agent, in accordance with the terms

of the Plans, in respect of any check issued and delivered by Guaranty to the security holders of NEPSCO and Northern, including the holders of scrip certificates, unless such check is presented for payment at or before the expiration of five years from the consummation date of the Plans, or within 120 days after its date, whichever shall be later, after which date all such checks shall become null and void; and Guaranty as Liquidation Trustee and Liquidation Agent shall distribute any unclaimed funds, represented by checks, in accordance with the terms of the Plans.

(11) NEPSCO, Northern, all security holders of said companies, and all other persons are hereby permanently enjoined and restrained from doing any act or taking any action interfering or tending to interfere with these proceedings, or with the enforcement or carrying out of the terms and provisions of the Plans, or with any of the transactions proposed in or encompassed by the Plans, or with compliance with the Orders of the Commission approving them, including the commencement or prosecution of any action, suit, or proceeding, at law or in equity or under any statute, or in any court or before any executive or administrative officer, commission, or tribunal, other than such proceedings before the Commission or this Court as may be appropriate under the Act and the Rules and Regulations promulgated thereunder, and such review, if any, in an appropriate appellate court of the United States as may be provided by law.

(12) Except to the extent amended hereby, the Orders of this Court herein dated August 6, 1947, September 27, 1950, and November 29, 1950, shall remain in full force and effect.

(13) This Court reserves jurisdiction to entertain such further proceedings, to make such further findings, to enter such supplemental orders and decrees, to take such further action, and to grant such further relief as it may deem appropriate in connection with the Plans, the transactions incident thereto, and the consummation thereof, including review, if application therefor is duly made, of subsequent orders of the Commission relating to the Plans.

(14) Upon consummation of the Plans, NEPSCO and Northern may apply for an order releasing and discharging them and their assets, in whole or in part, from the jurisdiction of this Court.